# IN THE COURT OF APPEALS OF IOWA

───────────────

No. 25-0437
Filed May 13, 2026

───────────────

**Randy Reiter,**
Plaintiff–Appellant,

v.

**State of Iowa and Iowa Department of Education,**
Defendants–Appellees.

───────────────

Appeal from the Iowa District Court for Polk County,
The Honorable Samantha Gronewald, Judge.

───────────────

**AFFIRMED**

───────────────

David Albrecht (argued), Amy Beck of Iowa Employment Attorneys, PLC, West Des Moines, and Ashley Griffin (until withdrawal), of Fiedler Law Firm, P.L.C., Johnston, attorneys for appellant.

Brenna Bird, Attorney General; Rudra Reddy (argued), Assistant Solicitor General; Eric Wessan, Solicitor General; and Patrick C. Valencia, Deputy Solicitor General, attorneys for appellees.

───────────────

Heard at oral argument
by Schumacher, P.J., Chicchelly, J., and Mullins, S.J.
Opinion by Chicchelly, J.

**CHICCHELLY, Judge.**

Randy Reiter appeals the district court's grant of summary judgment for the State of Iowa and Iowa Department of Education (the State) on his wage-discrimination and sex-discrimination claims under the Iowa Civil Rights Acts (ICRA). On appeal, he argues the district court erred when it determined (1) Iowa Code section 216.6A(2)(a) (2021) does not create a cause of action for a similarly situated plaintiff having their pay reduced and (2) the State is entitled to summary judgment on the wage- and sex-discrimination claims. Upon our review, we affirm the district court's grant of summary judgment.

## BACKGROUND FACTS AND PROCEEDINGS

Reiter worked as a disability hearing officer (DHO) in the Iowa Disability Determination Services. Specifically, Reiter was employed in the Disability Hearings Unit—a bureau responsible for determining whether individuals are eligible for United States Social Security Administration (SSA) disability benefits. In this role, Reiter presided over contested hearings of claimants whose SSA benefits had been terminated. Because of the nature of the role, Reiter and the other DHO's roles and pay were classified as Administrative Law Judge 2 (ALJ) positions.

In 2012, Ellen McComas, who held another position in the office as a disability examiner specialist advanced (DESA), expressed interest in serving as a DHO. She was then offered a part-time role as a DHO on top of her current duties, and she worked in both capacities from 2012 through 2016.

In 2017, the bureau chief of the Disability Determination Services learned from the regional social security office that most other states did not classify DHOs as ALJs, meaning Iowa's hearing officers were paid

significantly more than those in other states.  Upon learning this, the bureau chief submitted a request to reclassify DHOs from ALJs to DESAs—a pay decrease.  That reclassification request was approved and went into effect in September 2017.  Despite the reclassification, Reiter and another full-time DHO's pay were not decreased at that time. The other full-time DHO retired shortly thereafter, in December 2017, and McComas became a full-time DHO at her then-current DESA pay grade.

Three years later, McComas requested her position be reclassified as an ALJ.  This is because the State had updated the position classification to allow classification as an ALJ for employees with a college degree and three years of full-time quasi-judicial experience. McComas also alleged that she was being paid less than Reiter because of her sex. The bureau chief then moved to reclassify Reiter's position to a DESA.  Upon approval of the reclassification request, Reiter asked for a delay in processing the request to allow him time to consider his options.  Reiter opted to retire.  The reclassification took effect after Reiter's retirement.

Reiter filed suit against the State.  He alleged age, sex, and wage discrimination, all under the ICRA.  In May 2024, the district court granted the State summary judgment on all claims. But on Reiter's motion to reconsider, enlarge, and amend, the district court granted reconsideration of Reiter's sex-discrimination claim.  The district court requested the parties provide additional briefing on the sex-discrimination claims.  After briefing, the district court again granted the State summary judgment on all claims. Reiter appeals.

## STANDARD OF REVIEW

"We review summary judgment rulings for correction of errors at law." *Slaughter v. Des Moines Univ. Coll. of Osteopathic Med.*, 925 N.W.2d 793, 800 (Iowa 2019) (quoting *Deeds v. City of Marion*, 914 N.W.2d 330, 339 (Iowa 2018)). "Summary judgment is proper when the movant establishes there is no genuine issue of material fact and it is entitled to judgment as a matter of law." *Id.* (quoting *Deeds*, 914 N.W.2d at 339). "We view the record in the light most favorable to the nonmoving party." *Id.* (quoting *Deeds*, 914 N.W.2d at 339).

## DISCUSSION

On appeal, Reiter argues the district court erred when it determined (1) Iowa Code section 216.6A(2)(a) does not create a private right of action for a similarly situated plaintiff having their pay reduced and (2) the State is entitled to summary judgment on the wage- and sex-discrimination claims. Because we "can affirm the district court's grant of summary judgment on any ground urged on appeal that was also raised in the district court," we decline to reach whether Iowa Code section 216.6A(2)(a) creates a cause of action for a similarly situated plaintiff having their pay reduced and leave that issue for another day. *See Little v. Davis*, 974 N.W.2d 70, 73 (Iowa 2022). Instead, we find the State was entitled to summary judgment on all claims on the merits.

## I.    Wage Discrimination

We first address Reiter's wage-discrimination claim under Iowa Code section 216.6A(2)(a). This section states:

> It shall be an unfair or discriminatory practice for any employer or agent of any employer to discriminate against any employee because of the age, race, creed, color, sex, sexual orientation, national origin, religion, or

4

disability of such employee by paying wages to such employee at a rate less than the rate paid to other employees who are employed within the same establishment for equal work on jobs, the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. An employer or agent of an employer who is paying wages to an employee at a rate less than the rate paid to other employees in violation of this section shall not remedy the violation by reducing the wage rate of any employee.

Iowa Code §216.6A(2)(a). The remedy for a violation of section 216.6A includes either of the following: "[a]n amount equal to two times the wage differential paid to another employee compared to the complainant" or "[i]n instances of willful violation, an amount equal to three times the wage differential." *Id.* § 216.15(9)(a)(9). But an employer has an affirmative defense in the following circumstances:

> a. Payment of wages is made pursuant to a seniority system.
>
> b. Payment of wages is made pursuant to a merit system.
>
> c. Payment of wages is made pursuant to a system which measures earnings by quantity or quality of production.
>
> d. Pay differential is based on any other factor other than the [protected status] of such employee.

*Id.* § 216.6A(3).

In this case, we find the State is entitled to summary judgment because Reiter's pay was never actually reduced, so there is no violation of section 216.6A(2)(a). In *Dindinger v. Allsteel, Inc.*, the supreme court held, "Paying an employee in a protected class less than other employees, if done with discriminatory intent, is *always* separately actionable." 860 N.W.2d 557, 572 (Iowa 2015). But here we are faced with a case where Reiter was not paid a lower rate at any point because he decided to retire. Because our supreme court is clear that "[p]ayment is itself an act" and a "pay-setting decision

5

alone is not actionable unless accompanied by unequal payments," we must conclude the State is entitled to summary judgment because the decision to reduce Reiter's pay alone itself is not actionable. *See id.* at 572–73 (emphasis omitted).

We also address Reiter's claim that he was constructively discharged. "Constructive discharge exists when the employer deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." *Van Meter Indus. v. Mason City Hum. Rts. Comm'n*, 675 N.W.2d 503, 511 (Iowa 2004) (citation omitted). "The test for constructive discharge is objective, evaluating whether a *reasonable person* in the employee's position would have been compelled to resign and whether an employee *reasonably believed* there was no possibility that an employer would respond fairly." *Haskenhoff v. Homeland Energy Sols.*, LLC, 897 N.W.2d 553, 592 (Iowa 2017). "[C]onditions will not be considered intolerable unless the employer has been given a reasonable chance to resolve the problem." *Van Meter Indus.*, 675 N.W.2d at 511.

Here, we find the summary judgment record, even taken in the light most favorable to Reiter, is insufficient to find Reiter was constructively discharged. Reiter expressed interest in retirement twice before December 2020. It was not until January 2021, after McComas requested to be reclassified to the ALJ position, that the State moved to reclassify Reiter's position. Reiter was presented with the possibility of a reclassification and given an opportunity to consider his options. After requesting a delay in the reclassification, Reiter retired in May 2021. The State then reclassified the position effective June 3, 2021—after Reiter retired. Because the State reclassified the position after Reiter's retirement and permitted delays to

6

allow Reiter to consider his options, we find that Reiter's constructive-discharge claim should not preclude summary judgment.

Because when viewing the record in the light most favorable to Reiter, we find Reiter's pay was never lowered, a "pay-setting decision alone is not actionable," *see Dindinger*, 860 N.W.2d at 573, and Reiter was not constructively discharged, we affirm the district court's grant of summary judgment.

## II.    Sex Discrimination

Next, we address Reiter's sex-discrimination claim under the ICRA. The ICRA prohibits discrimination in employment based on ten specific characteristics: "age, race, creed, color, sex, sexual orientation, gender identity, national origin, religion, or disability." Iowa Code § 216.6(1)(a). To establish a prima facie case of discrimination in employment based on sex, Reiter must show (1) he is a member of the protected group; (2) he was qualified to perform the job; (3) he suffered an adverse employment action; and (4) the circumstances allow an inference of discrimination. *See Jones v. Univ. of Iowa*, 836 N.W.2d 127, 147–48 (Iowa 2013). We confine our discussion to the fourth element.

Upon our review, we find the summary judgment record does not raise an inference of sex discrimination. The district court found there is "nothing in the record to suggest [the State's] decision to seek reclassification of Mr. Reiter's position had anything to do with his gender." We agree with that analysis. It is undisputed that Reiter's position was going to be reclassified once he retired regardless of who filled the position after him. Reiter claims if he "were a woman, Ms. McComas could not have made a complaint of gender discrimination based on the pay differential." But that is not supported by the summary judgment record, even viewed in the light most

favorable to his claims. We find on this record that Reiter at no point during his employment suffered an adverse employment action. At all times during his employment, he was the higher paid employee, and at worst his pay would have equalized McComas's as a result of the reclassification. And even if there were an adverse employment action, the record does not raise an inference of gender discrimination. Accordingly, we find summary judgment was appropriate on Reiter's sex discrimination claim.

## CONCLUSION

Because when reviewing the record in the light most favorable to Reiter we find (1) Reiter's wages were never reduced, (2) the record does not establish he was constructively discharged, (3) the record does not support an inference of sex discrimination, we affirm the district court's grant of summary judgment on the merits. Having affirmed the case on the merits, we do not address the State's contention that Iowa Code section 216.6A(2)(a) does not create a cause of action for a similarly situated plaintiff having their pay reduced. Accordingly, we affirm.

**AFFIRMED.**